UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

QUADREN WILSON,

      Plaintiff,

    v.

MARK WAGNER
and NATHAN PESKIE,

      Defendants.

Case No. 3:25-cv-00081

---

## COMPLAINT

---

NOW COMES Plaintiff Quadren Wilson, by his attorneys, THE SULTON LAW FIRM LLC, by Attorney William F. Sulton, and files the below complaint against Defendants Mark Wagner and Nathan Peskie, Special Agents with the Division of Criminal Investigation of the Wisconsin Department of Justice.

### I. Introduction

1. On February 3, 2022, in the City of Madison, Wisconsin, Plaintiff Quadren Wilson was shot at by Defendants Mark Wagner and Nathan Peskie, Special Agents with the Wisconsin Department of Justice.

2. At the time that Agent Wagner shot at Wilson, Agent Wagner knew that there was no lawful basis to shoot at Wilson.

3. At the time that Agent Peskie shot at Wilson, Agent Peskie knew that there was no lawful basis to shoot at Wilson.

[1 / 8]

4.     As a direct result of the unlawful shootings, Wilson suffered severe physical and emotional pain and suffering that continues today and will continue to suffer for the foreseeable future.

## II.  The Parties

### A.     The Plaintiff

5.     Plaintiff Quadren Wilson ("Wilson") is an adult and resides in the Western District of Wisconsin.

### B.     The Defendants

6.     Defendant Mark Wagner ("Agent Wagner") is a Special Agent with the Division of Criminal Investigation ("DCI") of the Wisconsin Department of Justice ("Wis. DOJ").  At all times relevant to Wilson's claims, Agent Wagner was acting under color of law and within the scope of his employment with DCI.

7.     Defendant Nathan Peskie ("Agent Peskie") is a Special Agent with DCI.  At all times relevant to Wilson's claims, Agent Peskie was acting under color of law and within the scope of his employment with DCI.

## III.  Jurisdiction and Venue

8.      The events giving rise to Wilson's claims occurred in the City of Madison, Wisconsin.

9.     Wilson seeks remedies under 28 U.S.C. §§ 2201 and 2022, and 42 U.S.C. §§ 1983 and 1988.

10.    The Western District of Wisconsin has subject matter jurisdiction over all federal claims for relief under 28 U.S.C. §§ 1331 and 1343.

11.     Venue in the Western District of Wisconsin is proper under 28 U.S.C. § 1391(b)(1) and (2).

### IV.  The Facts

12.     According to Wis. DOJ's website, "The Division of Criminal Investigation (DCI) is charged with a purely criminal investigative mission and function."[1]

13.     According to Wis. DOJ's website, "The Division employs Special Agents who are sworn law enforcement officers possessing statewide jurisdiction and charged with the responsibility of enforcing the laws of the State of Wisconsin."[2]

14.     According to Wis. DOJ's website, "The primary duty of all agents is to preserve the life and well-being of all persons as they carry out their duties."[3]

15.     According to Wis. DOJ's website, "in order to ensure and protect the legal rights of all individuals with whom agents interact, physical force shall only be used when absolutely necessary to gain or regain control of resistive or assaultive subjects during arrest or other legitimate law enforcement functions."[4]

---

[1] "Division of Criminal Investigation DCI," Wis. Dep't of Justice (visited Feb. 3, 2025), available at https://www.doj.state.wi.us/dci/division-criminal-investigation-dci.
[2] *Id.*
[3] "Use of Force," Wis. Dep't of Justice (visited Feb. 3, 2025), available at https://www.doj.state.wi.us/sites/default/files/dci/104%20use%20of%20force.pdf.
[4] *Id.*, at 1.

16.    According to Wis. DOJ's website, "Agents shall use only the minimum force necessary to effectively maintain control of a situation and protect the safety of law enforcement officers and the public."[5]

17.    According to Wis. DOJ's website, "An agent may use deadly force only when the agent reasonably believes they are facing an imminent threat of death or great bodily harm to themselves or others."[6]

18.    According to Wis. DOJ's website, "Even with such justification, the agent shall only apply deadly force if non-deadly force options have proven ineffective or would clearly be ineffective in the situation based upon the agent's training and experience."[7]

19.    According to Wis. DOJ's website, "The purpose of target-specific directed fire is to stop the threat when no other reasonable course of action would allow officers to perform a rescue, escape from danger, or otherwise prevent death or great bodily harm."[8]

20.    According to Wis. DOJ's website, "Before using target-specific directed fire, agents must meet imminent threat criteria (intent, weapon, delivery system) and the preclusion requirement."[9]

---

[5] *Id.*, at 1.
[6] *Id.*, at 4.
[7] *Id.*, at 4.
[8] *Id.*, at 4.
[9] *Id.*, at 5.

21.   On February 3, 2022, at approximately 8:15 a.m., Wilson was driving near the intersection of Eastpark Boulevard and American Parkway, in the City of Madison, Wisconsin.

22.   As Wilson was driving, a DCI vehicle suddenly backed into the front of Wilson's vehicle followed closely by another DCI vehicle running into the back of Wilson's vehicle.

23.   As Wilson's vehicle was pinned between two DCI vehicles, Agent Wagner ran up to Wilson with a firearm in hand and ballistic shield known to Agent Wagner to block handgun rounds.

24.   As Wilson was pinned between two DCI vehicles, Agent Peskie ran up to Wilson (and behind Agent Wagner) with a rifle in hand.

25.   Wilson, upon hearing the words similar to "put your hands up," put his hands up.

26.   Shortly after putting his hands up, Wilson heard words similar to "gun, gun, gun" and instinctively moved forward with his hand up in attempt to avoid gunfire.

27.   Agent Wagner shot at Wilson and fell backwards.

28.   Shortly thereafter, Agent Peskie decided to use directed fire at Wilson.

29.   Wilson was shot and severely injured, which injuries and damages continue today and will continue into the foreseeable future.

30.   Wilson was found in the vehicle motionless, and with his hands up.

31.   There was no lawful basis to shoot at Wilson; and Agents Wagner and Peskie know that.

32.   As a direct result of Agents Wagner and Peskie's unlawful conduct, Wilson suffered severe physical pain, suffering and loss of enjoyment of life that continues today and will continue to suffer into the foreseeable future.

33.   As a direct result of Agents Wagner and Peskie's unlawful conduct, Wilson suffered severe emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life and will continue to suffer into the foreseeable future.

## V.  The Claims

34.   Wilson incorporates here all other paragraphs in this complaint.

35.   Agent Wagner, while acting under color of law and within the scope of his employment with DCI, acted contrary to 42 U.S.C. § 1983 ("Section 1983") and the Fourth and Fourteenth Amendments to the United States Constitution when he shot at Wilson.

36.   Agent Peskie, while acting under color of law and within the scope of his employment with DCI, acted contrary to Section 1983 and the Fourth and Fourteenth Amendments when he shot at Wilson.

37.   At the time Agents Wagner and Peskie decided to shoot at Wilson, the law was clearly established that law enforcement officers may not use deadly force under the circumstances before them.

[6 / 8]

38.    Agents Wagner and Peskie caused Wilson to suffer severe physical and emotional pain, which continues today and will continue into the foreseeable future.

## VI.  Relief Requested

39.    Wilson respectfully requests that this court enter judgment for him and against Agents Wagner and Peskie, jointly and severally, and provide the following relief:

a. An order awarding Wilson damages for physical pain, suffering, and loss of enjoyment of life in an amount to be determined by a jury;

b. An order awarding Wilson damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in an amount to be determined by a jury;

c. An order awarding Wilson punitive damages in an amount to be determined by a jury;

d. An order awarding Wilson pre- and post-judgment interest;

e. An order making a gross up award to account for income-tax consequences;

f. An order awarding taxable costs and disbursements;

g. An order awarding attorney and expert fees;

h. A declaration that Agents Wagner and Peskie violated Wilson's civil and constitutional rights; and

[7 / 8]

i. An order awarding such further and necessary relief as determined by the court.

## VII.  Jury Demand

40.     Wilson hereby demands a trial by a jury on all issues and damages.

Date: February 3, 2025.                    Respectfully submitted,

*/s/ William F. Sulton*

WILLIAM F. SULTON
THE SULTON LAW FIRM LLC
2745 N. Dr. Martin Luther King Jr. Drive
Suite 202
Milwaukee, WI 53212
414-307-4693 (direct)
414-973-8844 (fax)
william@sultonlaw.com

*Counsel for Plaintiff*

[8 / 8]